# UNITED STATES DISTRICT COURT

for the

__Northern__ District of __Texas__

__Abilene__ Division

Raylon Eugene Smith

_Plaintiff(s)_
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

"see Attachment B Page 15

_Defendant(s)_
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)

Case No. __1-21CV-017   H__

_(to be filled in by the Clerk's Office)_

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should _not_ contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include _only_: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

I.  **The Parties to This Complaint**

   A.  **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   Name: Raylon Eugene Smith
   All other names by which you have been known:
   ID Number: 07308083
   Current Institution: Taylor County Jail
   Address: 910 South 27st
   Abilene, TX 79602
   City, State, Zip Code

   B.  **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

   Defendant No. 1
   Name: Ricky Bishop
   Job or Title (if known): Sheriff
   Shield Number:
   Employer: Taylor County Sheriffs Office
   Address: 450 Pecan Street
   Abilene, TX 79602
   City, State, Zip Code
   ☐ Individual capacity   ☑ Official capacity

   Defendant No. 2
   Name: Officer Blair
   Job or Title (if known): Correctional Officer
   Shield Number:
   Employer: Taylor County Jail
   Address: 910 South 27th St.
   Abilene, TX 79602
   City, State, Zip Code
   ☐ Individual capacity   ☑ Official capacity

Defendant No. 3
   Name: Sgt. Olson
   Job or Title (if known): Correctional Officer
   Shield Number:
   Employer: Taylor County Jail
   Address: 910 South 27th St.
   Abilene, TX 79602
   City / State / Zip Code

   [ ] Individual capacity   [✓] Official capacity

Defendant No. 4
   Name: Sgt. K. Henry
   Job or Title (if known): Taylor County Correctional Officer / Grievance Officer
   Shield Number:
   Employer: Taylor County Jail
   Address: 910 South 27th St.
   Abilene, TX 79602
   City / State / Zip Code

   [ ] Individual capacity   [✓] Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

   A. Are you bringing suit against *(check all that apply)*:

      [ ] Federal officials (a *Bivens* claim)
      [✓] State or local officials (a § 1983 claim)

   B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

   6 & 8, of the constitutional Amendments and many basic human rights

   C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

See attachment A (page 12) page 13 and 14)

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [x] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [x] Other *(explain)* parole hold

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

On March 13th, the incident with the 2 unknown Abilene police officers arose at the west go gas station in Abilene, Texas. The address is 3901 S. 1st St Abilene, Tx 79605

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

All other events and all other parties in this lawsuit arose at the Taylor county Jail between March 13th 2020 and ~~2020~~ January 1st, 2021

C. What date and approximate time did the events giving rise to your claim(s) occur?

March 13th 2020, between April 5th until release day, the entire time I was in the Taylor county Jail (The arrest date was April 5th), and from October 7th 2020 until December 21 2020

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See Attachment C on page 16

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

I was shot in the face by Sgt. Olsen my lip was busted badly but he refused to give me medical treatment

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

I'm asking for 2 million dollars for the torture, and violation of my basic human rights and for violating my 6th amendment Constitutional right by denying me access to the law Library, and violating my 8th amendment Constitutional right by depriving me the right to shower and water and for not feeding me the proper amount of calories.

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Taylor County Jail

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)? Booth

See Attachment D on Page 18

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☒ No

E. If you did file a grievance:

1. Where did you file the grievance?

   In the Taylor County Jail

2. What did you claim in your grievance? ~~Overcrowding, unsanitized, questionable~~ ~~booking~~

   See Attachment D on page 18

3. What was the result, if any?

   The grievance officer hasn't responded to the other grievances and the grievance he did respond to he said he's not responsible for inmate housing.

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. (Describe all efforts to appeal to the highest level of the grievance process.)

   I appealed the decision, the appeal officer Tim Trawick did not assist me and I haven't received any response to the other grievances.

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

   I've written multiple grievances but did not get a response, I've written grievances as well but I did inform the american correctional association. The grievance officer has not been responding to my grievances

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

   I informed the american correctional association months ago and awaiting their response.

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

   This jail prevented me from exhausting my administrative remedies by not responding to my initial grievances.

(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

I filed a section 1983, Smith v henley civil action number 1-18-CV-151

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s) _The answer to A is NO_
   Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*
   _The answer to A is NO_

3. Docket or index number
   _The answer to A is NO_

4. Name of Judge assigned to your case
   _The answer to A is NO_

5. Approximate date of filing lawsuit
   _The answer to A is NO_

6. Is the case still pending?

   ☐ Yes

   ☒ No

   If no, give the approximate date of disposition. _The answer to A is No_

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   _The answer to A is NO_

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐ Yes

☒ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s) _The answer to C is no_
   Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*

   _The answer to C is no_

3. Docket or index number
   _The answer to C is no_

4. Name of Judge assigned to your case
   _The answer to C is no_

5. Approximate date of filing lawsuit
   _The answer to C is no_

6. Is the case still pending?

   ☐ Yes

   ☒ No

   If no, give the approximate date of disposition  _The answer to C is no_

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   _The answer to C is no_

IX. **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A. **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 1-7-21

Signature of Plaintiff: Raylen Smith
Printed Name of Plaintiff: Kaylon Smith
Prison Identification #: 103010
Prison Address: 910 South 27th st
City: Asilee  State: TX  Zip Code: 79602

B. **For Attorneys**

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Address
City    State    Zip Code
Telephone Number
E-mail Address

1-21CV-017 H

Attention Clerk

This civil suit 1983 is a total of 18 pages long and the motion to proceed in forma pauperis is a total of 4 pages

I divided the total of 22 pages in two envelopes because the post office didn't allow me to place all 22 pages in one envelope so I placed 11 pages in 1 envelope and the other 11 in a second envelope

This is envelope #1

RECEIVED
JAN 19 2021
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Raylin Smith Jail #103010
Taylor County Jail
910 S. 27th St.
Abilene, TX 76602

U.S District Court
Office of the clerk
P.O Box 1218
Abilene, TX 7960[?]

RECEIVED
JAN 19 2021
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS


